UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BROOK MAYCOCK,<br><br>                 Plaintiffs,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>                 Defendant. | **MEMORANDUM DECISION**<br><br>**AND ORDER**<br><br>2:15-CV-00790-DS<br><br>District Judge David Sam |

      Plaintiff brought this action to appeal the administrative decision of the Defendant, the Commissioner of the Social Security Administration, which denied Plaintiff's application for disability benefits under Title II of the Social Security Act. The Court affirms the Administrative Law Judge's decision for the following reasons.

**STANDARD OF REVIEW**

      The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.[1] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[3]

---

[1] *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).
[2] *Id.* (internal quotation and citation omitted).
[3] *Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990).

## ISSUES

The only issue addressed in this appeal is whether the Administrative Law Judge (ALJ) provided a speculative, legally insufficient basis for rejecting the opinion of Plaintiff's treating physician, Dr. Wade Oakden.

## ANALYSIS

Ms. Maycock raises only one challenge to the ALJ's decision denying her application for disability insurance benefits (DIB).  Plaintiff asserts that the ALJ "provided a speculative, legally insufficient basis for rejecting the opinion of Plaintiff's treating physician, Dr. Wade Oakden."[4] Plaintiff notes that although Dr. Oakden had supported disability on a number of occasions, writing letters on plaintiff's behalf and completing a Medical Opinion Form (physical), which included limitations which were inconsistent with any fulltime work activity (Tr. 327-331, 397-399, 429-431, 674) the ALJ dismissed Dr. Oakden's consistent support.  Of particular concern to the plaintiff was the language used by the ALJ regarding the possibility that Dr. Oakden sympathized with Plaintiff and may have expressed his opinion in an effort to assist his patient.

> The language used by the ALJ which is of concern to the Plaintiff is the following:

> The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension.  While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case. Tr. 17.

---

[4] Doc. No. 18, Plaintiff's Brief 3, 4-8.

Plaintiff notes that almost identical language is cropping up in case law across the country, and the courts are regularly finding that such speculative reasoning is insufficient to support a rejection of a treating physician's opinion.[5] The Tenth Circuit addressed the use of this type of language in *Bainbridge v. Colvin*, stating that "An assertion that a treating physician 'naturally advocates his patient's cause' is not a good reason 'to reject [his] opinion' unless the ALJ 'suggest[s] some exceptional basis in the facts of the [the] case.'"[6] The court in *Bainbridge* then found that in that case, the ALJ had suggested an exceptional basis, which was "that Dr. Bates's opinion was markedly at odds with the rest of the medical evidence, including his own treatment notes."[7] The court went on to say that the ALJ had also provided other reasons that were more than sufficient for rejecting the doctor's opinion. The same is true in this case.

The ALJ in this case first summarized three letters that Dr. Oakden wrote on behalf of Ms. Maycock, stating that she was unable to work. Then the ALJ noted that a treating physician's statement that a claimant is unable to work is not a medical opinion, but instead goes to the ultimate issue of disability and is not binding on the Commissioner. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her]

---

[5] *See Gregory v. Colvin,* 2013 WL 5390019 (D. Kan) (not reported) ("Absent any legal or evidentiary basis, this was not a proper basis for discounting the medical source opinion.); *Antes v. Commissioner of Social Security,* 2014 WL 1366465 (W.D.Mich) (not reported) ("[s]uch speculative reasoning cannot be construed to constitute the required 'good reasons,' or substantial evidence for rejecting" the treating physician's opinion.); *Henry v. Astrue,* 2011 WL 676928 (E.D.Ky.) (not reported) (The court found no basis for the ALJ's speculation that the opinion may have been provided in an attempt to accommodate the claimant. The ALJ's decision was not based on substantial evidence.) ; *Bayless v. Colvin,* 2014 WL 273180 (D. Kan. Jan. 23, 2014) (not reported) ("absent . . . specific, individualized evidence, the ALJ's speculation may not stand."); *Summers v. Colvin,* 2014 WL 119235 (E.D.Wash.) (not reported) ("It is well-settled that an ALJ 'may not assume that doctors routinely lie in order to help their patients collect disability benefits." (internal cite omitted)).

[6] 618 F. App'x 384 (10th Cir. 2015

[7] *Id.*

physical or mental restrictions."[8]  While Dr. Oakden did state in his letters that Ms. Maycock had "difficulty with activities of daily living due to her chronic back pain," he did not offer an opinion about her functional limitations.

The ALJ stated two additional valid reasons for discrediting Dr. Oakden's opinions. First, Dr. Oakden "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant," (Tr. 17).  This was a valid reason to discredit Dr. Oakden's opinions because the ALJ found that Ms. Maycock's statements about her complaints were not entirely believable.  He said that, "there existed good reasons for questioning the reliability of the claimant's subjective complaints." (Tr. 17).  20 C.F.R. 152(c)(3) says, "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."  In this case, according to the ALJ, "The weight of the evidence did not support the claims of the claimant's disabling limitations to the degree alleged." (Tr. 16, *see also* Tr. 15).  "The consensus was that the claimant's medications and overall treatment controlled her symptoms, and her protestations to the contrary, not objectively demonstrated, appeared to be exaggerations." (Tr. 16).

In June 2013, for example, Dr. Oakden's notes about his visit with Ms. Maycock say that the patient "states that she thinks she has pancreatitis.  however (sic) all of her labs have been normal ?"  He then proceeds to diagnose her with pancreatitis. (Tr. 480).  In September 2012, Ms. Maycock reported to Dr. Oakden that she could not work, and yet her examination showed good muscle tone, full range of motion and no tenderness. Two weeks later, on October 5, she again visited Dr. Oakden to have him sign disability papers. He wrote in his notes, "i (sic) have

---

[8] 20 C.F.R. § 404.1527(a)(2)

filled out disability paperwork as brook (sic) states she cannot work anymore because of her back pain." (Tr. 357)  His notes show that his contemporaneous examination of her was normal.

The ALJ's second valid reason for discrediting Dr. Oakden's opinions was that "progress notes or a longitudinal record did not support Dr. Oakden's statements." (Tr. 17).  20 C.F.R. § 404.1527(c)(4) states that in weighing medical opinions, "the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."  The Tenth Circuit in *Castellano v. Secretary of Health and Human Service*[9] held that an ALJ reasonably discounted the treating physician's opinion because "the treating physician's own office records did not support his later expressed opinion. . . ."  In this case, examinations showed that although Ms. Maycock sometimes walked with an antalgic gait, she had normal range of motion, strength, and tone (Tr. 320-21. 325, 343, 345, 349, 350, 357, 462, 465-66, 470, 474-80, 485, 488-89, 525, 635, 657-62).  In June 2013, gastroenterologist Dr. Siddoway opined, based on laboratory findings and examination, that Ms. Maycock had never had pancreatic disease (Tr. 455-56).

A September 2012 CT scan of Plaintiff's abdomen showed normal organs, including her pancreas, with two non-obstructing kidney stones (Tr. 386).  X-rays taken of Ms. Maycock's back in July and December 2012 showed normal alignment, normal disc height, and normal signal (Tr. 392, 394, 672-73).  An MRI showed a disc bulge at L5-S1 and mild foraminal narrowing at L4-5; however, neither encroached on her nerve roots (Tr. 396).  A December 2012 abdominal CT showed a normal pancreas (Tr. 640).  A June 2013 CT of Plaintiff's abdomen showed a normal pancreas and normal organs (Tr. 526, 649).  There is substantial evidence in the record as a whole that supports the ALJ's factual finding that Dr. Oakden's opinion was based on Ms. Maycock's subjective complaints and was not consistent with the record evidence (Tr. 5).

---

[9] 26 F.3d 1027, 1029 (10th Cir. 1994),

While the language used by the ALJ suggesting that Dr. Oakden sympathized with and wanted to assist Ms. Maycock might, on its own, be speculative and insufficient to support a rejection of Dr. Oakden's opinion, the ALJ presented other legally valid reasons for discrediting Dr. Oakden's opinion.  The ALJ found the opinion was based on Ms. Maycock's subjective complaints and was not consistent with the record evidence.  As a result, Ms. Maycock has failed to show reversible error, and the agency's decision must be affirmed.

## CONCLUSION

For the above reasons, the court affirms the Commissioner's decision denying Ms. Maycock's claims for disability benefits.

DATED this 14th day of September, 2016.

BY THE COURT:

_____
DAVID SAM
United States District Judge